IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| REX DEAN PENLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:12CV1169 |
| v. ) | 1:10CR25-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Rex Dean Penland, a federal prisoner, brings what the Court treated as a Motion [Doc. #33] and Amended Motion [Doc. #34] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which Respondent opposes with a Response [Doc. #42]. Petitioner pled guilty in this Court to one count of possessing a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was subsequently sentenced to 120 months of imprisonment following an upward variance by the Sentencing Judge under the United States Sentencing Guidelines. In Petitioner's Amended Motion, he lists four claims for relief. His first claim appears to challenge his guilt by alleging that the firearm in question was possessed, at least partly, by another person and that the facts do not support his guilt. He also claims to be innocent under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner's second claim continues his argument under Simmons and appears to allege that he did not face more than a year of imprisonment for the predicate convictions supporting his § 922(g)(1) conviction in this Court. He also makes further

arguments supporting his first two claims for relief in a Supplement [Doc. #35] filed a few days after his Amended Motion. Petitioner's third claim states that the Sentencing Judge should not have used past prison disciplinary offenses to increase Petitioner's sentence. It also alleges that Petitioner's attorney should have allowed him to speak further at sentencing. He continues this line of argument in his fourth claim.

Petitioner's first claim attacks his guilt in the case. However, if Petitioner wished to contest his possession of the gun or other evidence in the case, he was required to do so by proceeding to trial. Petitioner instead pled guilty, and his knowing and voluntary guilty plea establishes all of the required elements for his convictions. United States v. Bowman, 348 F.3d 408, 413-14 (4th Cir. 2003) (citing cases). Petitioner puts forth no arguments contesting the knowing and voluntary nature of his plea and none appear on the record. However, he does express some unhappiness at his sentence and, perhaps, at his incorrect belief that he would receive a sentence lower than ten years by pleading guilty. However, the Judge who accepted his guilty plea specifically warned him that he could face a sentence of fifteen years to life imprisonment if he was found at sentencing to have three prior qualifying predicate felony convictions and up to ten years of imprisonment if he did not. (Change of Plea Trans. [Doc. #26] at 31-32.) Petitioner stated under oath that he understood these penalties and later stated that he also understood that his actual sentence could vary from any estimate counsel may have provided him up to that point. (Id. at 31, 34-36.) "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that

contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Petitioner provides no such reasons in the present case, and he provides no grounds to challenge his guilty plea.

Petitioner bases his next claim on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), which addressed whether prior North Carolina convictions are felonies carrying a maximum term of imprisonment in excess of one year for purposes of federal statutes and sentencing enhancements. However, Petitioner's Simmons claim clearly fails. The predicate felonies listed in the indictment in the present case are convictions obtained on October 2, 2007, in Stokes County, North Carolina, for second degree murder, second degree sexual offense, and first degree kidnapping. A state court judgment provided by Respondent reveals that Petitioner not only faced a sentence of more than a year of imprisonment for these offenses, but actually received a consolidated sentence of twenty years of imprisonment. (Response, Attach. A.) Simmons has no effect on Petitioner's case, his predicate offenses remain valid, and this challenge to his § 922(g)(1) conviction fails.

Petitioner's next claim is that the sentencing judge should not have considered prison disciplinary infractions committed by Petitioner when deciding to apply an upward variance under the Guidelines at sentencing. This claim appears to be an attack on the Sentencing Judge's calculation of the appropriate advisory sentencing range under the Guidelines. However, the United States Court of Appeals for the Fourth Circuit recently addressed the question of whether a challenge to a Guidelines calculation was cognizable on collateral review, and held that such a challenge to a Guidelines calculation was not the type of alleged sentencing error that could be corrected on collateral review. United States v. Foote, 784

Case 1:10-cr-00025-NCT   Document 45   Filed 10/02/15   Page 3 of 5

F.3d 931, 943 (4th Cir. 2015), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015). Likewise, Petitioner's claim raising a Guidelines calculation issue is not cognizable in this collateral review proceeding. Even if it were cognizable, the claim would still fail on its merits. Under United States v. Lawrence, 349 F.3d 724, 727-728 (4th Cir. 2003), misconduct in prison can be considered for purposes of an upward variance under USSG § 4A1.3. Petitioner's third claim for relief should be denied.

Finally, Petitioner contends that his attorney should have spoken more at his sentencing or allowed him to speak. Petitioner states that he wished to address a statement by his sister that he threatened to kill his sister and her son and that he had killed a deer. He denies making these threats or killing a deer, but claims that his attorney advised him not to raise this issue. Petitioner's claim appears to be one for ineffective assistance of counsel at sentencing. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992). As to the first prong of Strickland, a petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). As to the second prong, to establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

4

Petitioner's allegations regarding this claim are too conclusory to state a claim. He does not give any details regarding either his sister's statements, his own proposed testimony on the matter, or his attorney's exact advice. Therefore, he has not shown any deficient performance by counsel. Moreover, he cannot show prejudice. In deciding to apply an upward variance, the Sentencing Judge recounted a number of very serious factors in favor of the variance. (Sent. Trans., Vol. II. [Doc. #29] at 48-50.) The alleged threat against his sister was only one such factor, and the relevant factors notably included Petitioner's long history of serious and repeated violence, depression, substance abuse, and weapons possession, and specifically his prior convictions for rape, kidnaping, and murder, and repeated weapons violations while incarcerated. Petitioner has not shown that any statement he may have wanted to make would have led to a reasonable probability of a different result. For all of these reasons, Petitioner's claim should be denied.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #33] and Amended Motion [Doc. #34] to vacate, set aside or correct sentence, as supplemented, be denied and that this action be dismissed.

This, the 2nd day of October, 2015.

                                                                      /s/ Joi Elizabeth Peake
                                                                     United States Magistrate Judge